UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BALLY GAMING, INC.,

    Plaintiff,

        v.

HON. DAVID KAPPOS, *et al.*,

    Defendants.

Civil Action No. 10-1906 (JEB)

## MEMORANDUM OPINION AND ORDER

    Plaintiff Bally Gaming, Inc. brought this action against David Kappos, the Director of the United States Patent and Trademark Office, and Betty Ringo and James Pearson, holders of U.S. Patent 5,711,715. Bally believes its Kelly '918 patent does not interfere with the Ringo '715 patent. On Nov. 23, 2011, Bally filed a Motion for Summary Judgment, seeking a judgment awarding it priority of invention. As such Motion is premature, the Court will deny it without prejudice.

    **I.**    **Legal Standard**

    Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record." Fed R. Civ. P. 56(c)(1)(A). "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." Holcomb, 433 F.3d at 895 (quoting Liberty

Lobby, Inc., 477 U.S. at 248). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Scott v. Harris, 550 U.S. 372, 380 (2007); Liberty Lobby, Inc., 477 U.S. at 248; Holcomb, 433 F.3d at 895. The party seeking summary judgment "bears the heavy burden of establishing that the merits of his case are so clear that expedited action is justified." Taxpayers Watchdog, Inc., v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987). "Until a movant has met its burden, the opponent of a summary judgment motion is under no obligation to present any evidence." Gray v. Greyhound Lines, East, 545 F.2d 169, 174 (D.C. Cir. 1976). When a motion for summary judgment is under consideration, "the evidence of the non-movant[s] is to be believed, and all justifiable inferences are to be drawn in [their] favor." Liberty Lobby, Inc., 477 U.S. at 255; see also Mastro v. Potomac Electric Power Co., 447 F.3d 843, 849-50 (D.C. Cir. 2006); Aka v. Washington Hospital Center, 156 F.3d 1284, 1288 (D.C. Cir. 1998) (*en banc*); Washington Post Co. v. U.S. Dep't of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989). On a motion for summary judgment, the Court must "eschew making credibility determinations or weighing the evidence." Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

**II.    Analysis**

In seeking summary judgment here, Plaintiff argues that Ringo and Pearson "abandoned any right to claims for invention based on the '715 Patent." Mot. at 1. This is so because they allowed their patent "to expire [by] failing to pay the maintenance fees required by 35 U.S.C. § 41(b), [which] resulted in abandonment of any right to claim priority of invention under 35 U.S.C. § 291." Id. Plaintiff correctly notes that § 41(b) requires the payment of maintenance fees "for maintaining in force all patents. . . . Unless payment of the applicable maintenance fee is received . . . the patent will expire . . . ." There is no dispute that such fees were not timely paid, rendering the patent expired. See Opp. at 2.

Both sides agree, however, that § 41(c) provides an escape hatch that permits late payment of maintenance fees within twenty-four months "if the delay is shown to . . . have been unintentional" or at any time "if the delay is shown to . . . have been unavoidable." Ringo and Pearson filed a petition in May 2011 with the USPTO to have their patent right reinstated under the "unintentional" provision. Opp. at 2; Mot. at 5  This was dismissed in October 2011. Id. That same month they filed a second petition under the "unavoidable" provision, which petition is still pending. Id.

Plaintiff believes that "[t]he disposition of the second petition will almost certainly be another denial." Mot. at 5.  As a result, Plaintiff argues, Ringo and Pearson will be "estopped from showing priority of invention of the '715 Patent due to their abandonment of any claim to the invention." Id. at 6.  If, contrary to Plaintiff's beliefs, Ringo and Pearson do prevail in their petition, Plaintiff's central argument on this issue will be undermined.  Ringo and Pearson thus ask the Court to wait until there is a "final determination by the Patent Office with respect to the petition to reinstate the '715 Patent." Opp. at 3.

This seems the wiser course.  The Court is not inclined to rule based on Plaintiff's prediction of what the USPTO will do, as strongly voiced as it may be. See Reply at 5 (Defendants' efforts "most certainly futile").  This is particularly so given that the basis of the ruling would be the expiration of the patent.  If the USPTO reinstates it, the Court's ruling would make no sense.  Should Plaintiff be correct in its expectation, it may refile its Motion, and the parties need not waste time speculating about the USPTO's determination.  Should Plaintiff be incorrect, it would have to reformulate its arguments.

Finally, given the current posture of the case, the Court believes a status conference with all parties to discuss scheduling would be beneficial.

### III.    Conclusion

The Court, accordingly, ORDERS that:

1. Plaintiff's Motion is DENIED WITHOUT PREJUDICE; and

2. All parties shall appear for a status conference on April 4, 2012, at 10:30 a.m. in Courtroom 19.

IT IS SO ORDERED.


                                                    /s/ *James E. Boasberg*
                                                    JAMES E. BOASBERG
                                                    United States District Judge

Date:  March 20, 2012