UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BALLY GAMING, INC.,

    Plaintiff,

        v.                         Civil Action No. 10-1906 (JEB)

DAVID KAPPOS, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff Bally Gaming, Inc. filed this suit on November 5, 2010, asserting claims surrounding the patentability of its invention, a prize-redemption system for a game apparatus. Specifically, Bally challenged the U.S. Patent and Trademark Office's Board of Appeals and Interferences' reexamination decision under 35 U.S.C. § 145, and it also sought review under the Administrative Procedure Act of the USPTO's denial of certain petitions relating to the same reexamination. Additionally, Bally sought a priority determination under 3 U.S.C. § 291 with respect to an earlier patent issued to Defendants Betty Ringo and James Pearson.

Bally now moves for summary judgment on the last claim, seeking a court determination of priority of invention. It argues that Defendants Ringo and Pearson abandoned any right to claim priority of invention when they failed to pay the required maintenance fees for their patent. Plaintiff further submits that Defendants have unclean hands and have engaged in inequitable conduct before the USPTO in the prosecution of their patent, such that they should be equitably barred from making any claim of priority of invention. The Court ultimately holds, however, that it has no subject-matter jurisdiction over the interference claim, which involves a patent that expired more than ten years ago and lacks residual value that would be needed to support

1

jurisdiction. As such, the Court will deny Bally's Motion and dismiss the claim against Defendants Ringo and Pearson without prejudice.

## I. Background

Bally owns United States Patent 5,816,918 (the "Kelly '918 Patent"). See Second Motion for Summary Judgment at 1. Defendants Ringo and Pearson own expired United States Patent 5,711,715 (the "Ringo '715 Patent"), which is generally directed to a method and apparatus for tournament play of coin-operated games. See Opp. at 2. Defendant David Kappos is the Under Secretary of Commerce for Intellectual Property and Director of the USPTO.[1] See Compl., ¶ 2.

This case arises from Plaintiff's efforts to secure a "confirmation of patentability of all pending claims" relating to the Kelly '918 Patent. Id., ¶ 21. More specifically, Plaintiff appeals from a decision of the USPTO's Board of Patent Appeals and Interferences affirming the USPTO's denial of Plaintiff's pending patent claims on the ground that "the Kelly '918 Patent interferes with and is anticipated or rendered obvious by" the Ringo '715 Patent. Id., ¶¶ 8-10 (Background), 14-15. Plaintiff contends that the "claimed invention of the Kelly '918 Patent was conceived prior to conception of the alleged invention of the Ringo '715 Patent," and that "the Director [Kappos] erred in denying petitions to suspend the rules or to otherwise allow submission of evidence of prior invention by the inventors of the Kelly '918 Patent before invention of the Ringo '715 Patent." Id., ¶¶ 20, 16.

---

[1] On June 17, 2011, Kappos moved to dismiss the case for lack of subject-matter jurisdiction and for failure to state a claim, or, in the alternative, to stay consideration of the APA Claim (Count I). On September 14, Bally and Kappos jointly moved to stay all claims against the USPTO contained in Count I until the Court enters a final judgment regarding Plaintiff's claim of interference between the two patents, and filed a notice of voluntary dismissal of the USPTO as a defendant with regard to Count II of the Complaint. The Court granted the Joint Motion in a Minute Order on September 16, 2011.

Plaintiff filed its Complaint on November 5, 2010, seeking issuance of a reexamination certificate under 35 U.S.C. § 145 and review of agency action under 5 U.S.C. §§ 701-706 (Count I), and a declaration of interference between the two patents under 35 U.S.C. § 291 (Count II). See Compl, ¶¶ 12-21.  The Ringo '715 Patent was issued by the USPTO on July 27, 1998.  See Mot. at 2.  After the issuance of the patent, however, the Defendant patent owners failed to pay any of the maintenance fees required by 35 U.S.C. § 41(b).  See id.  The maintenance fee for Defendants' patent first came due on July 27, 2001, but was never paid.  See id.  Nor were either of the two subsequent maintenance fees.  See id.  More than nine years later and months after this litigation commenced, Defendants filed a petition on May 12, 2011, requesting that the USPTO accept late payment of the maintenance fees, claiming that the delay in payment was unintentional.  See id. at 3-4.  The USPTO denied the petition as time-barred on October 3, 2011.  See id. at 4.  Defendants filed a second petition on October 17, arguing that the expired patent should be reinstated because it had been "unavoidably abandoned."  See id.  While this second petition was pending, Plaintiff filed its First Motion for Summary Judgment of Priority of Invention (Claim II) on November 23, 2011.  See ECF No. 27.  The Court denied the Motion without prejudice, finding that Plaintiff's motion was premature in light of Defendants' outstanding petition before the USPTO seeking to have their patent rights reinstated.  See Bally Gaming, Inc. v. Kappos, No. 10-1906, 2012 WL 933201, at *2 (D.D.C. March 20, 2012). Shortly after this Court's decision, the USPTO again dismissed Defendants' petition to accept late payment, stating that Defendants had made an inadequate showing that the delay was unavoidable.  See Mot. at 5.

Following the dismissal of the second petition, Defendants requested a stay in these proceedings while they determined whether they would seek reconsideration of the latest

3

dismissal. The Court granted the stay on April 4, 2012, and proceedings remained stayed until Defendants notified the Court on June 12, 2012, that they did not intend to seek further reconsideration or an appeal of the USPTO's denial of the petition to reinstate their patent. See ECF No. 35. Defendants further noted that because the '715 Ringo Patent "has expired and will remain expired," Plaintiff's Motion for Summary Judgment would now be ripe for adjudication. See id. Plaintiff thus filed its Second Motion for Summary Judgment of Priority of Invention on June 26, 2012, and it is to the resolution of this Motion that the Court now turns.

## II.     Legal Standard

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record." Fed R. Civ. P. 56(c)(1)(A). "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." Holcomb, 433 F.3d at 895 (quoting Liberty Lobby, Inc., 477 U.S. at 248). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See id. The party seeking summary judgment "bears the heavy burden of establishing that the merits of his case are so clear that expedited action is justified." Taxpayers Watchdog, Inc., v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987). "Until a movant has met its burden, the opponent of a summary judgment motion is under no obligation to present any evidence." Gray v. Greyhound Lines, East, 545 F.2d 169, 174 (D.C. Cir. 1976). When a motion for summary judgment is under consideration, "the evidence

of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Liberty Lobby, Inc., 477 U.S. at 255; see also Mastro v. Potomac Elec. Power Co., 447 F.3d 843, 850 (D.C. Cir. 2006); Aka v. Washington Hosp. Ctr., 156 F.3d 1284, 1288 (D.C. Cir. 1998) (*en banc*); Washington Post Co. v. U.S. Dep't of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989). On a motion for summary judgment, the Court must "eschew making credibility determinations or weighing the evidence." Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

**III.   Analysis**

Plaintiff moves for summary judgment declaring the priority of its '918 Patent over Defendants' '715 Patent (Count II). See Mot. at 1. In support, Plaintiff argues that because Defendants failed to pay the maintenance fees for the '715 Patent, they have abandoned any right to claim priority of invention over the '918 Patent. See id. Further, Plaintiff argues that Defendants "have unclean hands" and "engaged in inequitable conduct" before the USPTO, thus barring them from making any claim of priority of invention under 35 U.S.C. § 291. See id. at 1-2. Defendants respond that "the court lacks jurisdiction to adjudicate this dispute," as Plaintiff cannot establish interference where the allegedly interfering patent has expired. See Opp. at 4, 5. Defendants further argue that Plaintiff's unclean-hands argument lacks factual support and, even if true, would not entitle Plaintiff to the relief it seeks. See Reply at 8. For the reasons discussed below, the Court finds that it lacks jurisdiction over Plaintiff's interference claim where such claim involves a patent that expired on January 27, 2002 – more than ten years ago – and there appears to be no residual value to the expired patent. This ruling renders the unclean-hands issue moot.

Section 291, entitled "Interfering Patents," provides a cause of action to one patent owner against another where the inventions claimed by their respective patents interfere with one another. The statute provides that "[t]he owner of an interfering patent may have relief against the owner of another by civil action, and the court may adjudge the question of the validity of any of the interfering patents, in whole or in part." 35 U.S.C. § 291. "Two or more patents 'interfere' – a term of art in patent law – when they claim the same subject matter." Albert v. Kevex Corp., 729 F.2d 757, 758 n.1 (Fed. Cir. 1984). In Albert, the Federal Circuit grappled with the question of whether the existence of interference is a jurisdictional prerequisite to deciding such cases under § 291. Id. at 760-62. In that case, the defendant had filed a disclaimer of the claims in its patent that allegedly interfered with the plaintiff's claims in the USPTO. The trial court held that the filing of the disclaimer mooted the interfering-patents action, but nonetheless proceeded to evaluate the plaintiff's invalidity contentions, ultimately granting plaintiff's motion for summary judgment of invalidity. The defendant appealed, arguing that the existence of an interference in a § 291 action is jurisdictional, thus requiring the district court to determine whether there was interference before determining whether the patents were valid. Id. at 760.

The Federal Circuit agreed, focusing on the language of the statute itself, as well as on commentary from the principal drafter of the statute. Id. at 760-61. As to the former, the court observed that

> [u]nder any construction of § 291, it is impossible to conceive how it could be any clearer that interference between patents is a *sine qua non* of an action under § 291. Absent interference, a court has no power under § 291 to adjudicate the validity of any patent. We hold that the court has no jurisdiction under § 291 unless interference is established. Mere citation of that statute or recitation in a pleading as a basis for suit is not enough. When

>challenged, the pleader must establish that interference does in fact exist.

Id. at 760-61.  The court went on to note that any "doubt that interference is a jurisdictional prerequisite . . . should have long since been dispelled" by published commentary of P.J. Federico, the principal drafter of the 1952 Patent Act, as his "comments verify that the existence of interfering patents is intrinsically and inextricably a premise of a § 291 claim.  If that premise fails, then the § 291 claim dependent thereon fails as well."  Id. at 761.  And finally, the court noted that to allow a court to adjudicate the validity of a patent without regard to the existence of interference would in effect recognize a "nullity action" – an action found in the patent laws of some other countries – but which Congress elected not to create when it enacted § 291.  Id.

Because "the existence of interfering patents is intrinsically and inextricably a premise of a § 291 claim," before evaluating the merits of such a claim, this Court must first determine whether interfering patents exist.  Id.  Defendant argues that there can be no interference – and thus no jurisdiction – where the existing patent has expired.  See Opp. at 3-5.  Plaintiff responds that because the Federal Circuit in Genetics Inst., LLC v. Novartis Vaccines & Diagnostics, Inc., 655 F.3d 1291 (Fed. Cir. 2011), found there to be an interference where one of the patents had expired, this Court does have jurisdiction over its claim.  See Reply at 7-10.  Defendants, however, argue that the Genetics holding was limited to the unique facts of that case and does not control the outcome here.  See Opp. at 5.

In Genetics, the defendant argued that the court lacked jurisdiction where the patent in the underlying interference suit expired days after the district court's decision, divesting it of appellate jurisdiction.  See 655 F.3d at 1298.  The plaintiff countered that there was jurisdiction over the appeal because "an interference action under § 291 may apply to any patent, including an expired patent" as "the holding in Albert is limited to disclaimed patents and does not extend

7

to expired patents." Id. at 1298.  In ultimately holding that it had appellate jurisdiction over the recently expired patent, the Federal Circuit discussed the differences between disclaimed patents and expired patents; however, its determination hinged on the fact that the expired patent before the court – unlike the disclaimed patent in Albert – had "value beyond its expiration date." Id. at 1299.  Specifically, the court reasoned that "an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286," whereas there "is no comparable statute providing any such rights in a disclaimed claim." Id.  The court also noted that the outcome of the § 291 action "'will have real-world consequences,' because Genetics' corporate parent, Wyeth, has been sued for allegedly infringing the Novartis patents in a related case" in another district court, such that a determination of interference "would directly affect the outcome of that infringement suit." Id.  While dicta in the opinion refers in fairly broad generalities to "expired patents" as a category, the court's decision turned on the value and import of the patent in question.  As such, this Court will not extend Genetics's holding to all expired patents, as doing so without regard to the expired patent's residual value would entirely disregard the Federal Circuit's rationale.

      The patent here, significantly, expired on January 27, 2002, more than ten years before Plaintiff's Motion was filed.  Defendants' expired patent, unlike the patent that expired just days after the district court's decision in Genetics, cannot be the basis for an action for past damages, as the six-year statute of limitations has long passed.  Further, as Defendants note in their Opposition, unlike in Genetics, "[T]here are no patent infringement claims that could be litigated" and "no residual value to the patent." See Opp. at 5.  While Plaintiff points to two infringement suits that are currently stayed before the District Court of Nevada, Reply at 10 n.1, it is unclear how either case would be affected, as all parties are in agreement that the '715 patent

has expired.  Because the expired patent here, like the disclaimed patent in Albert, carries no "value beyond its expiration date," the Court finds no interference exists, thus depriving it of jurisdiction.

## IV.  Conclusion

For the foregoing reasons, the Court will deny Plaintiff's Second Motion for Summary Judgment and will dismiss the claims against Defendants Pearson and Ringo in their entirety without prejudice for lack of jurisdiction.  As Count II has already been dismissed as to Defendant USPTO, see Notice of Voluntary Dismissal, ECF No. 25, all that remains in this suit are the claims set forth in Count I of the Complaint against Defendant Kappos, which were stayed on September 16, 2011.  A separate Order consistent with this Opinion will issue this day dismissing Plaintiff's claims against Pearson and Ringo and setting a status for the remaining parties.

**SO ORDERED**.

>                               /s/ James E. Boasberg
>                               JAMES E. BOASBERG
>                               United States District Judge

Date:  August 30, 2012